Nathan Brown (State Bar No. 033482)
Brown Patent Law
15100 N 78th Way, Suite 203
Scottsdale, AZ 85260
Phone: 602-529-3474
E-mail: Nathan.Brown@BrownPatentLaw.com

*Attorney for Plaintiff, others listed below.*

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Laraine Wood, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>American Automotive Alliance, LLC<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT** |

**Preliminary Statement**

1. Plaintiff brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Plaintiff alleges that American Automotive Alliance, LLC ("Defendant") made prerecorded calls to their cellphones, as well as those of other class members, without their prior express written consent. In fact, the Defendant has placed telemarketing telephone calls to Plaintiff and putative class members despite their prior registration on the National Do Not Call Registry.

3. Plaintiff and class members never consented to receive these calls. Defendant nonetheless engaged in a nationwide telemarketing campaign designed to sell their products to consumers. Because this telemarketing campaign placed calls to many thousands of potential customers *en masse*, Plaintiff bring this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

**Parties**

4. Plaintiff is a resident of Mesa, Arizona, in this District.

5. Defendant American Automotive Alliance, LLC is a Florida limited liability company with its principal place of business in Florida.

6. Defendant makes telemarketing calls into this District, as it did with the Plaintiff.

**Jurisdiction & Venue**

7. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff' claims arise under federal law.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because the calls that were initiated to the Plaintiff and the putative class that are the subject of the litigation were made into this District. As such, a substantial part of the events giving rise to the claims occurred in this District.

**TCPA Background**

9. The TCPA was passed in 1991 to help prevent unwanted telephone calls and solicitations, provide power to consumers to prevent unwanted solicitations, and rein in unrestricted telemarketing. *See* 47 U.S.C. § 227, *et seq*.

10. Relevant to this action, the TCPA provides private rights of action for two types of telemarketing-related conduct.

11. First, Section 227(b) of the TCPA prohibits initiating a telemarketing call using a pre-recorded message without the prior express written consent of the called party.

12. "Prior express written consent" requires a signed writing that clearly authorizes the seller to deliver to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice. 47 C.F.R. § 64.1200(f)(8).

13. This written agreement must clearly and conspicuously disclose that the calls would be made using an automatic telephone dialing system or an artificial or prerecorded voice, and that the person is not required to sign the agreement as a condition of purchasing any property, goods, or services. *Id.* at (f)(i)(A-B).

14. A violation of § 227(b) carries statutory damages of $500 to $1,500 per call.

15. Second, § 227(c) of the TCPA prohibits any entity from making more than one telemarketing call in a 12-month period to a residential telephone number on the National Do Not Call Registry.

16. A violation of § 227(c) carries statutory damages of up to $500 to $1,500 per call.

## **Factual Allegations**

The Defendant

17. The Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

18. Defendant offers extended warranties on automobiles.

19. To offer those warranties, the Defendant engages in telemarketing.

20. Defendant's telemarketing also includes the use of pre-recorded messages.

Calls to the Plaintiff Wood

21. Plaintiff Wood is a "person" as defined by 47 U.S.C. § 153(39).

22. Plaintiff's telephone number, (480) 881-XXXX, is assigned to a cellular telephone service.

23. That telephone number has been registered on the National Do Not Call Registry on March 25, 2021.

24. Ms. Wood received multiple pre-recorded telemarketing calls from the Defendant.

25. On May 24, 2021, the Plaintiff received a pre-recorded message from "Angela" promoting an extended vehicle warranty.

26. The Plaintiff rejected the call.

27. However, the next day, May 25, 2021, the Plaintiff received the same call with pre-recorded messages.

28. This time, to identify the entity making the calls, the Plaintiff engaged the "Angela" recorded message.

29. At the end of the solicitation, the Plaintiff received an e-mail from the Defendant.

30. That e-mail was sent from info@aautoalliance.com.

31. That is an e-mail address for the Defendant.

32. The e-mail was from Roberto Familia, an employee of the Defendant.

33. The Plaintiff did not provide her prior express written consent to receive the calls.

34. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of the Defendant because their privacy has been violated, they were annoyed and harassed. The calls also occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

**Class Action Allegations**

35.     As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff bring this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

36.     Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two Classes, defined as follows:

> Since the four years prior to the filing of the Complaint through the date of trial, (1) Plaintiff and all persons within the United States to whose cellular telephone number (2) Defendant placed a call using (3) a similar pre-recorded message used to place telephone calls to Plaintiff (4) without the prior express written consent of the called party.

> ("Robocall Class")

> Since the four years prior to the filing of the Complaint through the date of trial (1) Plaintiff and all persons within the United States to whose telephone number (2) Defendant placed (or had placed on its behalf) two or more telemarketing telephone calls (3) to a residential telephone number within a 12-month period.

> ("Do Not Call Registry Class")

37.     Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

38.     **Numerosity**: The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable as the type of

dialing done by the Defendant is meant for *en masse* calling. Such campaigns can include thousands of individuals a day.

39. **Ascertainability**: The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant maintains written and electronically stored data showing:

    a. The time period(s) during which Defendant placed its telephone calls;

    b. The telephone numbers to which Defendant placed its telephone calls;

    c. The dates Defendant placed telephone calls to each class member;

    d. The equipment Defendant used to call Class members.

40. **Commonality**: There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

    a. Whether Defendant made telemarketing calls;

    b. Whether Defendant uses a pre-recorded message;

    c. Whether Defendant obtains prior express written consent and/or tracks revocation of such consent;

    d. Whether Defendant contacted individuals whose telephone numbers were previously listed on the National Do Not Call Registry;

    e. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

    f. Whether Defendant should be enjoined from engaging in such conduct in the future.

41. **Typicality**: Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

42. Plaintiff is a member of and their claims are typical of the Robocall Class because Defendant placed telephone calls to their cellular telephone using a pre-recorded message without her consent.

43. Plaintiff is a member of and her claims are typical of the Do Not Call Registry Class because Defendant placed two or more calls for telemarketing purposes in a one-year period to her telephone number that was previously listed on the National Do Not Call Registry.

44. Plaintiff and all putative Class Members have also necessarily suffered concrete injury, as all Members spent time tending to Defendant's calls, lost space on their devices, had their phone lines tied up, and suffered a nuisance and an invasion of their privacy as they were unable to effectively stop the calls.

45. **Adequacy**: Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

46. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent themselves and the Classes.

47. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

48. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

49. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

50. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Robocall Class)**

51. Plaintiff and the proposed Robocall Class incorporate the foregoing allegations as if fully set forth herein.

52. Defendant placed numerous calls for telemarketing purposes to Plaintiff's and Robocall Class members' telephone numbers.

53. Defendant did so using a pre-recorded message.

54. Defendant did so without the prior express written consent of Plaintiff and Dialer Class Members.

55. Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(b)(3) and an award of treble damages in an amount up to $1,500 telephone call because Defendant's violations were knowing and/or willful.

# SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

56. Plaintiff and the proposed Do Not Call Registry Class incorporate the foregoing allegations as if fully set forth herein.

57. Defendant placed numerous calls for telemarketing purposes to Plaintiff and Do Not Call Registry Class Members.

58. Defendant placed two or more telephone calls to Plaintiff's residential telephone number in a 12-month period.

59. Plaintiff and Do Not Call Registry Class Members received such calls after they were registered on the National Do Not Call Registry.

60. Plaintiff and Policy Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5), in addition to an award of treble damages in an amount up to $1,500 per telephone call because Defendant's violations were knowing and/or willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b) and § 227(c);

C. An award of injunctive and other equitable relief as necessary to protect the

interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

    D.    An award of statutory damages for each violation of 227(b) and (c) and the regulations promulgated thereunder;

    E.    An award of treble damages; and

    F.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: July 7, 2021                                          Respectfully Submitted,

<u>/s/ Nathan Brown</u>

Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
*Subject to Pro Hac Vice*